# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0458V
Filed: April 20, 2018
UNPUBLISHED

| | |
|---|---|
| BETTY D. BACKMAN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*William Patrick Ronan, III*, The Ronan Law Firm, Overland Park, KS, for petitioner.
*David Gregory Cutler*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On April 11, 2016, Betty D. Backman ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered various shoulder injuries as a result of receiving the influenza ("flu") vaccine on November 12, 2014. Petition at ¶¶ 2, 19 (ECF No. 1). On October 31, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 47).

  On March 14, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 52). On March 28, 2018, petitioner's counsel was notified via email that the invoices for the requests for costs were not filed with the motion for attorney's fees and costs and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

would need to be provided. On April 3, 2018, petitioner refiled his motion for attorney's fees and costs with the requested supporting documents. (ECF No. 55). Petitioner requests attorneys' fees in the amount of $27,420.00 and attorneys' costs in the amount of $1,535.64. *Id.* at 8. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF NO. 53). Thus, the total amount requested is $28,955.64.

On March 22, 2018, respondent filed a response to petitioner's initial motion for attorney's fees and costs. (ECF No. 54). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Through email correspondence on April 5, 2018, respondent confirms he will stand by his original response filed. *See* Informal Remark, dated April 10, 2018.

Petitioner has filed no reply to respondent's response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds the rate requested by petitioner's counsel, Mr. Ronan, reasonable. However, a reduction in the amount of fees to be awarded is required for the reasons discussed below.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* On February 23, 2017 Mr. Ronan billed 1.00 hour to drive to the Conferencing Center and, on February 28, 2017 Mr. Ronan billed a total of 0.50 hours to drive to and back from court reporter's office. (ECF No. 52 at 5-6). As travel time should be billed at the reduced rate of 50%, the undersigned shall **reduce the fee request by $300.00**.

Petitioner's billing records contain several entries that appear duplicative. These duplicated entries are as follows:

- 2 entries dated May 17, 2016, "phone call with Mary regarding status conference" (ECF 52 at 2);
- 3 entries dated December 8, 2016, "Revise Joint Status Report and Notice to Continue Petition." (*Id* at 4);
- 2 entries dated February 6, 2017, "Revise Petitioner's Witness List" (*Id* at 5);
- 2 entries dated February 11, 2017, "Revise amended witness list" (*Id* at 5);
- 3 entries dated February 13, 2017, "Revise amended witness list" (*Id* at 5);
- 5 entries dated February 14, 2017, "Revise amended witness list" (*Id* at 5); and
- 2 entries dated February 15, 2017, "Revise amended witness list" (*Id.* at 5.)

When totaled together these entries total 3.95 hours of time. The undersigned will reduced the entries that are duplicated, a total of 2.5 hours, therefore **reducing the requested fees by $1,000.00**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $27,655.64[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William Patrick Ronan, III.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                       **s/Nora Beth Dorsey**
                                       Nora Beth Dorsey
                                       Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.